# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Honorable JACK B. SCHMETTERER

Date: January 22, 2007

Bankruptcy Case No. **06 B 09886**

Adversary No. _____

**Title of Case:** In re: Mona Morales

**Brief Statement of Motion:** Objection to Confirmation by Wells Fargo Financial

**Names and Addresses of moving counsel:**

**Representing:**

**Names and Addresses of other counsel entitled to notice and names of parties they represent:** See Attached Service Certificate

### AMENDMENT TO MEMORANDUM OPINION

IT IS HEREBY ORDERED that Memorandum Opinion entered January 11, 2007 is amended by replacing content on page 6, paragraph 2, line 4 "District and Circuit" to "District and has not been ruled on by the Seventh Circuit Court of Appeals."

Amended Page will be filed with this Order and sent to all parties of record.

ENTER:

_____
United States Bankruptcy Judge

Hand this memorandum to the Courtroom Deputy.
Counsel will not rise to address the Court until motion has been called.

The argument is that if Debtor cannot bifurcate this debt then neither can the creditor do so and thereby retain an unsecured deficiency claim. This new provision itself, of course, says no such thing directly; however, it is read by debtor and many judges in conjunction with § 506 to have that effect.

Wells Fargo Financial responds that even if Debtor surrenders the Vehicle pursuant to her Plan and therefore confirms a Plan under § 1325(a)(5)(C), the creditor still retains its state law right to an unsecured claim for any balance remaining after liquidation of the Vehicle and applying the proceeds of the sale in accordance with state law. It argues that §506 cannot apply to this situation both because the new provision says it cannot and other reasons.

Various bankruptcy judges have ruled on the issue of whether a "910 creditor" is entitled to a deficiency balance pursuant to state law after selling the collateral if the proceeds of the sale are insufficient to satisfy the total debt. However, this appears to be an issue of first impression in this District and has not been ruled on by the Seventh Circuit Court of Appeals.

Most opinions deciding this issue have reached the result supporting the Debtor's position. In In re Ezell, an opinion followed by the majority of Bankruptcy Judges, it was concluded:

> As these sections evidence, Congress intended to prevent bifurcation under Revised § 1325(a)(5) of the class of secured claims falling within the scope of the Anti-Cramdown Paragraph. Beyond these statements of Congressional intent, which basically mirror the statutory language, there is no further clarification. The court has no choice but to interpret the Anti-Cramdown Paragraph as written, i.e., that it applies to both Revised § 1325(a)(5)(B) and (C).

338 B.R. 330, 341 (Bankr. E.D. Tenn. 2006). That opinion further noted:

> Accordingly, under Revised § 1325(a)(5), a creditor holding a secured claim falling within the scope of the Anti-Cramdown Paragraph is fully secured for the amount of its claim, which is, in actuality, the debt owed. If the property is to be retained pursuant to Revised § 1325(a)(5)(B), the debtor must treat the entire claim as secured, and unless the creditor agrees to other treatment, must propose a plan that